## THE STATE v. HOGAN.

The respondent was charged with a breach of a city ordinance, which provided, that " no intoxicating liquors shall be used or kept in any refreshment saloon or restaurant within the city for any purpose whatever," and it appeared that the shop where the alleged offence was committed, was used by the respondent for the manufacture and sale of tobacco, snuff and cigars, and also for the sale of strong beer by the glass, and for no other purposes—*held*, that there was no breach of the ordinance shown.

A shop which is used for the manufacture and sale of tobacco, snuff and cigars is not a refreshment saloon or restaurant.

APPEAL from the police court of the city of Concord.

The case was submitted to the superior court for the decision of the questions arising therein upon the following agreed statement of facts:

The respondent was convicted and sentenced to pay a fine of five dollars and costs, on the sixth day of June, 1854, by the police court of the city of Concord, upon a complaint that the respondent, at said Concord, on the fifth day of June, 1854, " did keep in a certain refreshment saloon and restaurant within the city of Concord aforesaid, one gallon

The State *v.* Hogan.

liquor, contrary to an ordinance of the said city of Concord," &c.

The city ordinance, under which the complaint was made and the conviction had, was as follows:

## " An Ordinance regulating refreshment saloons and restaurants.

*Be it ordained by the City Council of the City of Concord as follows:*

Section 1. No person shall hereafter keep a refreshment saloon or restaurant within the City of Concord, until a license for that purpose shall have been obtained of the Mayor and Board of Aldermen of said city.

Section 2. No intoxicating liquors shall be used or kept in any refreshment saloon or restaurant within the city for any purpose whatever.

\*        \*        \*        \*        \*        \*        \*        \*

Section 5. Any person violating any of the provisions of this act, shall be liable to a fine of not less than five nor more than ten dollars."

Upon the trial it was proved that the respondent kept a small quantity of strong beer in his shop, referred to in the complaint as a "refreshment saloon and restaurant," and that the shop was used by the respondent for the manufacture and sale of tobacco, snuff and cigars, in large and small quantities, and also for the sale of strong beer by the glass, and for no other purposes than those aforesaid.

At the time of the complaint the stock of tobacco, cigars, snuff, snuff boxes, pipes, &c., amounted to at least $1,000, and the amount of beer in the shop at that time was less than one barrel.

Upon this evidence the police court found the respondent guilty, and imposed a fine of five dollars and costs, from which decision the respondent appealed.

*Rolfe & Marshall,* for the respondent.

The State *v.* Hogan.

I.  The respondent was a tobacconist, and had, as the case finds, a large quantity of tobacco, cigars, snuff, and all the fixtures for the use of the same, (his entire stock of tobacco, being of the value of $1500 or $2000,) which he sold at wholesale and retail.

The small quantity of beer he kept was incidental to his principal business.

A reference to Webster's Dictionary, to Boyer's French Dictionary, and to Spier and Surenne's Dictionary, shows that "restaurant" means an eating-house and "restaurateur" the keeper of an eating-house. "Refreshment saloon," as used in the city ordinance, is a synonyme of "restaurant."

II.  Tobacco, in all its production and manufacture, according to Webster, cannot be regarded as a refreshment or invigorating to the human body; but, on the contrary, it is a narcotic, injurious and debilitating. Beer is of a like character, and is used for the same purpose that opium, arsenic, betel nut, and tobacco are used.

It would seem that if the respondent is a restaurateur, the keepers of groceries, apothecary shops, and all other places where narcotic drugs are kept and sold, are restaurateurs, and that the name of restaurant may, with propriety, be applied to all kind of stores and shops in which is kept any thing that can be eaten or drank.

*George & Foster*, for the State.

The sole question which arises in this case is, whether the shop of the respondent, referred to in the case, is a " refreshment saloon " or " restaurant," within the meaning of the city ordinance; the right of the city to pass the ordinance having been determined by this court in *The State* v. *Clark*, 8 Foster's Rep. 176.

The word " refreshed," according to Webster's Dictionary, means " cooled, invigorated, revived, cheered."

The word " saloon " is by the same authority defined " a

lofty spacious hall, vaulted at the top, and usually compre-
hending two stories, with two ranges of windows."

But we suppose the word " refreshment saloon " has, by
common usage, a very different signification from that given
by Webster, and that the city authorities of Concord, in
passing the ordinance, meant, and were understood to mean,
that it should have some practical application, as it could
not have now, and probably never could have, were it con-
fined in its application to the definition of refreshment
saloon given in the dictionaries. No two-storied, lofty, spa-
cious halls, vaulted at the top, with two ranges of windows,
wherein people get " cooled, invigorated, revived or cheered,"
are supposed, at this moment, to exist in the city of Con-
cord, and the erection of such saloons is presumed to be ex-
tremely problematical.

But bar-rooms, oyster shops, cigar shops, beer shops and
grog shops, all of which are denominated, in common par-
lance, as "refreshment saloons," are supposed to exist in
large numbers, and if the city ordinance does not refer to
these, it has no practical application whatever. The respon-
dent kept a cigar and beer shop, where people could have
been " invigorated and revived " by the influences of a glass
of beer, " cheered " with a cigar, or, it is presumed, " cooled "
by means of a glass of iced water, if such results accorded
with their inclinations ; and keeping such a place of public
resort, he kept a " refreshment saloon " within the meaning
of that expression, as ordinarily used and applied by the
community.

EASTMAN, J. In *The State* v. *Clark,* 8 Foster's Rep. 176,
we held that the Legislature may constitutionally authorize
a city to enact, and a city may enact an ordinance that no
intoxicating liquors shall be used or kept in any refreshment
saloon or restaurant within the city, for any purpose what-
ever.

The question, in that case, arose upon the second section

of an ordinance of the city of Concord, and is the same second section as is set forth in the case under consideration.

That decision settles the constitutionality of the ordinance; so that the only question presented, as has been stated and argued by counsel is, whether the shop of the respondent, in which the beer was sold, was a refreshment saloon or restaurant.

Under the general law of the State for selling without license, the respondent could have been indicted, and, if found guilty, could have been fined. Comp. Stat. ch. 123, § 6. The general law applies to all places and to all persons who shall sell without license. This city ordinance applies to the particular places specified; to refreshment saloons and restaurants, and to no others. Was, then, the shop of the respondent a refreshment saloon or a restaurant?

Whatever may be the strict and accurate meaning of these terms, and however loosely, also, they may sometimes be used, it appears to us that they have here a signification so well fixed as to make this a case not one of serious doubt.

In some sections of our country, a refreshment saloon or restaurant may, perhaps, be understood to embrace all the various places specified by the counsel for the State; and in some sections, also, a saloon, which did not contain a variety of choice liquors, would not be dignified with the name of a "refreshment" saloon. And so, also, with a restaurant. With us, however, such is not the case. A "restaurant" is an eating-house; a place where something to eat, ready prepared, or which can readily be prepared, may be obtained. "A refreshment saloon" is a room or rooms fitted up for purposes similar to those of a restaurant; and although spirituous liquors are frequently kept in both, either with or without license, yet they do not necessarily form an element in the definition of either. In the case of *The State* v. *Clark*, before referred to, it was held, in addi-

The State *v.* Hogan.

tion to the decision of the constitutional question, that the keeping of liquor in a cellar, under a refreshment saloon or restaurant, is a violation of the city ordinance, the Chief Justice, who delivered the opinion, saying the cellar was as much a part of the *eating-house* as any other portion of the building. The learned judge, whose use of language is generally very accurate, appears to have treated the terms "refreshment saloon and restaurant" as synonymous with that of "eating-house."

This ordinance presupposes the existence of refreshment saloons and restaurants, independent of spirits being used and kept therein. It is against their being so used and kept in the places specified, and in contemplation that they might be so kept, that the ordinance was passed. The keeping of beer or any spirituous liquors in such places does not, therefore, make them restaurants or refreshment saloons in the eye of this ordinance; if so, it would be an ordinance against the keeping of spirits in a defined place, which would not be such a place were it not for their being so kept. If the place could not exist without the keeping of the forbidden articles, how can it be said that the articles are kept in such a place? As well might it be said that the brick and mortar with which a house is constructed, are kept in the house. The places must first have an existence, before an offence can be committed for keeping the forbidden articles therein. And before beer can be kept in a refreshment saloon or restaurant, it must be made to appear that such a place exists.

The question, then, comes to this; is a shop which is used for the manufacture and sale of tobacco, snuff and cigars, a refreshment saloon or a restaurant? The reply to the question appears to us quite plain, and the suggestions which we have already made will furnish the answer.

We entertain no doubt that there should be

*Judgment for the respondent.*